1  Brett L. Gibbs, Esq. (SBN 251000)
   Steele Hansmeier PLLC.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE

8                  NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11
   HARD DRIVE PRODUCTIONS, INC.,        )    **No. C-11-01566 JCS**
12                                       )
                 Plaintiff,              )
13        v.                             )    [~~PROPOSED~~] ORDER GRANTING
                                         )    PLAINTIFF'S APPLICATION FOR
14   DOES 1-188,                         )    LEAVE TO TAKE DISCOVERY
                                         )    PRIOR TO RULE 26(f) CONFERENCE
15               Defendants.             )    WITH EXTENDED JOINDER
                                         )    DISCUSSION
16   _____)

17   **ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY**
         **PRIOR TO RULE 26(f) CONFERENCE WITH EXTENDED JOINDER DISCUSSION**
18
19        The Court has reviewed Plaintiff's *Ex Parte* Application for Leave to Take Discovery Prior

20   to Rule 26(f) Conference with Extended Joinder Discussion [DKT#10].  Good cause and joinder

21   appearing therefore and for the reasons cited in Plaintiff's Application, said application is

22   **GRANTED**.  Plaintiff is hereby authorized to serve Rule 45 subpoenas and a copy of this Order

23   upon each and every Internet Service Provider (ISPs) identified in Exhibit A attached to the

24   Complaint [DKT#1].  The information sought shall be limited to information sufficient to identify

25   each Defendant based on supplied IP addresses, including name, currect (and permanent) address,

26   telephone number, e-mail address, and Media Access Control address.

27

28

1          Each ISP so served shall, in turn, serve a copy of the subpoena and a copy of this Order upon

2    the subscriber (whose identity is sought through the subpoena and for whom Plaintiff has provided

3                    thirty (30)
     an IP address) within ~~five (5)~~ days of the ISP's receipt of the subpoena.  The subscribers shall then

4         thirty (30)                                                   ^ and the ISPs
     have ~~fifteen (15)~~ days from the date of service upon them to file any objections with this Court.  If

5        30                                             ^or Motion to Quash
     that ~~15~~-day period elapses without any subscriber filing an objection or motion to quash, the ISP

6    served with the subpoena shall have ten (10) days after said lapse to produce each subscriber's name,

7    address, telephone number, e-mail address, and Media Accress Control addresses to Plaintiff

8    pursuant to the subpoena.

9          The Court further orders that any information disclosed to Plaintiff in response to a Rule 45

10   subpoena may be used by Plaintiff solely for the purpose of prosecuting this litigation.  Plaintiff and

11   any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment

12   for the information requested in the subpoena.  If any entity subpoenaed pursuant to this Order

13   wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which

14             sixty (60)
     shall be ~~thirty (30)~~ days from the date of service.  It is ordered that the subpoenaed entity shall

15   preserve any suppoenaed information pending the resolution of any timely-filed motion to quash.

16         This order disposes of Docket No. 10.

17         IT IS SO ORDERED.

18   DATED:_____May 6, 2011_____

19                                  _____

20                           United States District Court Judge

IT IS SO ORDERED
AS MODIFIED

Judge Joseph C. Spero