IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RECEIVED
JUN 07 2011
RICHARD W. WIEKING.
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HARD DRIVE
PRODUCTIONS, INC.,
Plaintiff v.
DOES 1-188, Defendents

Case No. C-11-01566 JCS

## MOTION TO QUASH ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE WITH EXTENDED JOINDER DISCUSSION

I, John Doe, file a motion to quash the order granting HARD DRIVE PRODUCTIONS, INC. application for leave to take discovery prior to rule 26(f) conference with extended joinder discussion. A copy of this motion will be provided to both the Court and the Plaintiff. The case against DOES 1-188 is an absurd and irresponsible misuse of the US Court system and should be dismissed immediately based on the following statements:

1) Lack of Personal Jurisdiction.

   I do not live in the state of California, nor am I under the jurisdiction of the Court. I understand that the Plaintiff is making a claim that it has isolated DOES to Northern California, but I assure you that this is not true. Evidence will support that, but it is a misuse of taxes to allow this groundless case to continue.

2) Improper Joinder of Parties.

   The (false) claims against me qualify as a unique case. DOES 1-188 have entirely separate network configurations both at the layer of Internet Service Provider (ISP) and home network configuration. Each DOE deserves a right to an individual investigation with individual accusal and defense. Joinder requires that each case being share sufficient overlap to be grouped together. Because each DOE relies on entirely separate network configurations, hardware, and living circumstances, this case does not qualify. If allowed to proceed, this would be a gross misuse of joinder; and this, alone, should be reason for the Court to dismiss.

3) Unreliability of IP Address Tracing.

I understand that the Plaintiff claims it has produced software that can reliably trace an IP address to a person. This statement, by itself, is false. IP-tracing software has been proven to be 90%, at best, reliable. This is the key reason why IP-tracing is not used in criminal cases. It is also a statement supported by many of the world's top computing firms.

IP addresses not being a reliable means of tracking has been ruled against in so many cases across the United States that I cannot even bear to list them all. It has seen further backing in court cases around the world. I ask that the Court support these rulings.

A simple search on any search engine reveals dozens of software solutions that allow users to impersonate/falsify IP addresses via proxy servers, which are designed to re-route traffic and obscure the source as well as the destination. Rolf von Roessing, international vice president of the Information Systems Audit and Control Association (ISACA) argues: "Connections through a series of anonymous proxies are transient and change rapidly. They are not logged, and any user can operate a TOR server or relay and take it off the network at any time."

Common publically available examples are http://www.securstar.com/products_ssolo.php, https://www.torproject.org/, and http://anon.inf.tu-dresden.de/index_en.html.

4) Unreliability of MAC Address Tracing.

For the subset of IP addresses that the Plaintiff has successfully tracked, he or she would need the Media Access Control (MAC) address to find the material that DOES are accused of having downloaded. The MAC address would be a unique identifier which device the material was downloaded to. Any device with an internet connection has a unique MAC address.

ISPs are generally unable to detect users' MAC addresses. Even when they are, MAC addresses are often hidden behind network routers or switches. Furthermore, most ISPs choose not to store this data even if they can detect it. Finally, publically available solutions are available to fake and impersonate MAC addresses: http://www.codeproject.com/KB/applications/MacIdChanger.aspx?df=100&forumid=184659&exp=0&select=1722097 and http://hidemymacaddress.com/.

In today's day and age, there are millions of types of devices that have internet connections and unique MAC addresses. The investigation would not know whether to look inside the user's computer, cell phone, iPod, video game system, etc. It would be impossible to isolate if a storage drive had been removed from any of these devices. In short, without a clear definition of MAC address; and even then, with uncertainty, the investigation will be unable to verify that the user downloaded the material.

5) Unreliability of Home Network Security

There is no way for the Plaintiff to prove that DOES had a secured home network during the time of incident. Without a secure wireless network at home, someone who does not live with the DOE could have been using their internet connection. Any one of DOES 1-188 can be an old lady who has little understanding of technology and is unable to setup or understand home network security.

In short, there's an old saying that "the internet is free because there are so many unsecured networks that it's easy to find a connection."

6) Inability to Pinpoint a Person by IP Address

Even within the household of DOES 1-188, it is impossible to pinpoint which approved user of the internet is responsible for a download. Friends or visiting family members may have done the download. In the case of multiple roommates, it could be any of the roommates or any of their many acquaintances who downloaded the material. This order should be quashed simply because an IP address cannot be mapped to one individual person.

7) Precedence against Case, Plaintiff, and Counsel.

   A: VPR Internationale v. Does 1-1017 - http://www.scribd.com/doc/54508329/ip-baker

   *Among other things Judge Baker cited a recent child porn case where the U.S. authorities raided the wrong people, because the real offenders were piggybacking on their Wi-Fi connections. Using this example, the judge claims that several of the defendants in VPR's case may have nothing to do with the alleged offense either.*

   *"The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment," Judge Baker writes.*

   *Judge Baker further notes that "the embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case."*

   *Baker concludes by saying that his Court is not supporting a "fishing expedition" for subscribers' details if there is no evidence that it has jurisdiction over the defendants: "Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose and intent of Fed. R. Civ. P. 23."*

   B: Patrick Collins vs. Does 1-1219 and On The Cheap vs. Does 1-5011

   *Midcontinent Communications quashed motion for subpoenas for these DOES.*

C: BMG Music v. Does 1-203 -
http://www.citizen.org/documents/EDPaBMGMusicAmicusMemo.pdf

> *Dismissed on following grounds: "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed."*

D: First Time Videos, LLC vs. Does 1-500

> *"MINUTE entry before Honorable Ruben Castillo:After a careful review of the case docket, the Court hereby dismisses the complaint without prejudice to a proper amended complaint which names individual defendants. Plaintiff's attorney is cautioned that there must be joint activity by similar defendants to name said defendants in one lawsuit.*
>
> *Individual lawsuits against any defendant operating individually would be appropriate. Plaintiff's motion for leave to proceed with discovery [5] is granted. Plaintiff's counsel is authorized to proceed with expedited discovery to discover the identity of the appropriate defendants. Motion hearing set for 10/6/2010 is vacated."*

E: Following in West Virginia

> *Order in Combat Zone v. Does 1-1037*
>
> *Order in Combat Zone v. Does 1-245*
>
> *Order in Patrick Collins v. Does 1-118*
>
> *Order in Patrick Collins v. Does 1-281*
>
> *Order in Third World Media v. Does 1-1,243*
>
> *Order in West Coast Productions v. Does 1-2010*
>
> *Order in West Coast Productions v. Does 1-535*

F: Millenium TGA, Inc. v. Does 1-800,

*On March 31, 2011, Judge Blanche M. Manning of the United States District Court for the Northern District of Illinois issued an order cutting short yet another mass copyright infringement lawsuit in which the plaintiff failed to follow the basic rules that govern the proper procedure for suing multiple defendants. The court severed 799 of the 800 defendants from the case entirely, after many of them (including several Booth Sweet LLP clients) fought back with motions to quash.*

*Last year, in* Millenium TGA, Inc. v. Does 1-800, *Case No. 1:10-cv-05603 (N.D. Ill. filed Sept. 2, 2010), Millenium TGA (describing itself as "a pioneering company in the transexual adult entertainment niche") sued 100 unnamed defendants, alleging they had all infringed its copyrights by downloading and sharing files using BitTorrent; they amended the count upward to 800 defendants on November 8, 2010. Judge Manning initially authorized Millenium to subpoena various Internet service providers to get the defendants' contact information. But this week, she identified two glaring problems with the lawsuit: Millenium had not shown why all 800 defendants belonged in the case together, or why Illinois was the proper venue for the case.*

***Improper Joinder.*** *Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff can sue more than one defendant in the same case if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." But when the plaintiff claims to have been harmed by different defendants in different ways – for example, accusing defendants of downloading different files – the defendants don't have the kind of common relationship that supports joining their claims in the same lawsuit. Judge Manning extensively quoted from cases cited in Booth Sweet's motion to quash, agreeing with the reasoning and concluding that the Rule had not been satisfied.*

***Improper Venue.*** *Millenium wasn't just going after defendants in Northern Illinois; most if not all of the defendants live elsewhere. This was brought home to the judge, who emphasized that "potential defendants [were] located all over the country with no discernible ties to this district. Indeed, at least five motions to quash have been filed in this case in the past week." None of those motions, including the one filed by Booth Sweet LLP, was for a defendant in Illinois. Judge Manning wondered why the suit was filed there in the first place: "The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northern District of Illinois. The plaintiff is a Hawaii corporation with its principal place of business in California.* As far as the plaintiff knows, none of the defendants are located in Illinois.... " *(Emphasis added.) You know something? We wondered the same thing ourselves.*

G: All of the following

| Unique Case ID | Group | | Date Filed | Case Name |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| 10-cv-01682-cand | D. Gill Sperlein / "IO Group-Titan Media", California | 23 Apr 2010 | IO Group, Inc. v. Does 1-21 |
| 10-cv-03851-cand | D. Gill Sperlein / "IO Group-Titan Media", California | 27 Aug 2010 | IO Group, Inc v Does 1-19 |
| 10-cv-04382-cand | D. Gill Sperlein / "IO Group-Titan Media", California | 28 Sep 2010 | IO Group, Inc. dba Titan Media v. Does 1-435 |
| 10-cv-00038-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 08 Jan 2010 | Worldwide Film Entertainment LLC v. Does 1-749 |
| 10-cv-00041-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 08 Jan 2010 | G2 Productions LLC v. Does 1-83 |
| 10-cv-00453-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 18 Mar 2010 | Achete/Neunte Boll Kino ... v. Does 1-4,577 |
| 10-cv-00481-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 23 Mar 2010 | West Bay One v. Does 1-2,000 |
| 10-cv-01407-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 17 Jul 2010 | Lucas Entertainment Inc. v. Does 1-65 |
| 10-cv-01537-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 09 Aug 2010 | Lucas Entertainment Inc. v. Does 1-185 |
| 10-cv-01702-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 27 Aug 2010 | VCX Ltd., Inc. v. Does 1-113 |
| 10-cv-01863-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 17 Sep 2010 | LFP, Inc. v. Does 1-635 |
| 10-cv-01900-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 21 Sep 2010 | Mick Haig Productions, e.K. v. Does 1-670 |
| 10-cv-02094-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 15 Oct 2010 | LFP Internet Group, LLC v. Does 1-319 |
| 10-cv-02095-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 17 Oct 2010 | LFP Internet Group, LLC v. Does 1-3,120 |
| 10-cv-02096-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 18 Oct 2010 | LFP Internet Group, LLC v. Does 1-1,106 |
| 10-cv-02139-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 22 Oct 2010 | LFP Internet Group LLC v. Does 1 - 2,619 |
| 10-cv-02412-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 25 Nov 2010 | Harmony Films Ltd. v. Does 1-739 |
| 10-cv-02605-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 21 Dec 2010 | Adult Source Media v. Does 1-247 |
| 11-cv-00001-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 02 Jan 2011 | D & E Media, LLC v. Does 1-258 |
| 11-cv-00002-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 02 Jan 2011 | Serious Bidness, LLC v. Does 1-109 |
| 11-cv-00056-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 10 Jan 2011 | Steve Hardeman, LLC v. Does 1-168 |
| 11-cv-00147-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 24 Jan 2011 | FUNimation Entertainment v. DOES 1 - 1,337 |
| 10-cv-05604-ilnd | John L. Steele / "Media Copyright Group", Illinois | 02 Sep 2010 | Lightspeed Media Corporation v. Does 1-100 |
| 10-cv-06255-ilnd | John L. Steele / "Media Copyright Group", Illinois | 29 Sep 2010 | CP Productions, Inc. v. Does 1-300 |
| 10-cv-00090-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Third World Media, LLC v. Does 1-1,243 |
| 10-cv-00091-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Patrick Collins, Inc. v. Does 1-281 |
| 10-cv-00092-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Patrick Collins, Inc. v. Does 1-118 |
| 10-cv-00093-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | West Coast Productions, Inc. v. Does 1-2,010 |
| 10-cv-00094-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | West Coast Productions, Inc. v. Does 1-535 |
| 10-cv-00095-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Combat Zone, Inc. v. Does 1-1,037 |
| 10-cv-00096-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Combat Zone, Inc. v. Does 1-245 |
| 10-cv-00112-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 29 Oct 2010 | Axel Braun Productions v. Does 1-7,098 |
| 10-cv-00114-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 04 Nov 2010 | West Coast Productions, Inc. v. Does 1-9,729 |

**Conclusion**

In conclusion, I motion to quash the subpoena immediately. John Steele and his organization of dishonest lawyers and clients have made moves to extort money from potential John Does by obtaining their contact information and then pushing them into a settlement instead of having their names publically associated with the porn industry. This is a shakedown in all ways – bringing to mind mobster mentality and tricks. His cases have been reviewed and dropped all around the country, but he continues to file more cases because he can extort people out of money without actual prosecution or trial.

Behind everything, there is good reason why IP tracing is not used in criminal investigation. It is an expensive and inaccurate way to track data to a person or even to a specific hard drive. For these reasons and all those mentioned above, I ask that the court chastise the plaintiff and its counsel for re-filing these same sorts of cases all around the country, costing taxpayer money, and ultimately resulting in nothing more than extortion. I move that the subpoenas for all Does be quashed immediately and this case dismissed.


Sincerely,

John Doe