Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | **No. C-11-01566 JCS** |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S MOTION FOR** |
| v. ) | **ADMINISTRATIVE RELIEF FOR LEAVE** |
| ) | **TO CONTINUE INITIAL CASE** |
| DOES 1-188, ) | **MANAGEMENT CONFERENCE** |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELEIF FOR LEAVE TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff Hard Drive Productions, Inc., by and through its undersigned counsel, and pursuant Northern District of California Local Rules (hereinafter "L.R.") 7-11, hereby moves this Court for administrative relief for an order continuing the initial case management conference for good cause. At this point in the litigation, Plaintiff has issued Court authorized subpoenas to Internet Service Providers (hereinafter "ISPs") to identify, and later serve, the Doe Defendants in this suit. As of now, the ISPs are still in the process of gathering the information requested in the subpoenas, and have not provided Plaintiff with any definitive time table within which that identifying information will be obtained, and/or turned over to Plaintiff. Additionally, a Doe Defendant recently filed a Motion to Quash (DKT#13), which is still pending before the Court.

For reasons more fully explained below, and in the Exhibit A attached hereto, "Declaration of Brett L. Gibbs in Support of Application for a Continuance" (hereinafter "Gibbs Decl."), Plaintiff respectfully requests that this Court continue the Initial Case Management Conference (hereinafter "ICMC") to **Friday, November 18, 2011, at 1:30 p.m. on the 15th Floor in Courtroom A of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule.

## BACKGROUND

On March 31, 2011, Plaintiff filed this lawsuit alleging copyright infringement and conspiracy against Doe Defendants (DKT#1), and the ICMC was scheduled originally for July 15, 2011 (DKT#3). On April 1, 2011, Plaintiff filed its *Ex Parte* Application For Leave to Take Expedited Discovery (DKT#6) with supporting exhibits.

On April 22, 2011, this Court held a hearing on the Application. (*See* DKT #8.) During the hearing, the Court expressed concerns about one issue in Plaintiff's Application. At the hearing's conclusion, the Court informed Plaintiff's counsel that the *Ex Parte* Application was dismissed without prejudice. (*See* DKT #9.)[1] Plaintiff's counsel was instructed that he may re-file Plaintiff's *Ex Parte* Application including a specific discussion on the issue of joinder. On May 5, 2011, Plaintiff re-filed its *Ex Parte* Application with a special focus on the issue of joinder (DKT#10).

On May 9, 2011, this Court granted Plaintiff's revised *Ex Parte* Application (DKT#12), which allowed Plaintiff to issue the subpoenas necessary to identify Doe Defendants, and also provided a longer time schedule for the ISPs to provide such information and for any Doe Defendant to file a Motion to Quash the subpoena issued to the ISP. Over the next couple of days following the Court's May 9, 2011 Order (DKT#12), the subpoenas were served on the ISPs noted on Exhibit A to Plaintiff's Complaint (*See* Gibbs Decl. ¶ 2; DKT#1 at 13).

---

[1] The ICMC was then rescheduled for July 29, 2011, due to a calendar conflict with the Court.

On June 7, 2011, an anonymous individual, only identifying her/himself as "John Doe," (hereinafter "Doe#1") moved the Court to quash Plaintiff's nonparty subpoena (hereinafter "Doe#1's Motion") (DKT#13-13-1). Doe#1 failed to set a motion hearing date (*Id.*). Currently, Plaintiff is drafting an opposition to Doe#1's Motion, which will be filed as soon as possible. As of the filing of this Motion for Administrative Relief, the Court has not ruled on Doe#1's Motion.

## DISCUSSION

Given the circumstances, Plaintiff has two good-cause reasons for requesting a continuation of the ICMC.[2] First, Plaintiff has not yet identified the Doe Defendants in this suit. Without the Defendants, the ICMC is a waste of Plaintiff's and the Court's time and resources. Second, continuing the hearing would allow the Court to rule on Doe#1's Motions before jumping into the ICMC. Without knowing how the Court plans to deal with the Motions, there would be little to discuss at the ICMC.

L.R. 16-2(d), entitled, "Relief from Case Management Schedule," reads, in part, as follows:

> By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party, … may seek relief from an obligation imposed by FRCivP 16 or 26 or the *Order Setting Initial Case Management Conference*. The motion must:
> (1) Describe the *circumstances which support the request*;
> (2) Affirm that counsel for the moving party has conferred with all other counsel to reach agreement about the matter and, for each other *party*, report whether that party supports or opposes the request for relief;
> (3) Be accompanied by proposed revised case management schedule…

(emphasis added).

Considering the delay in resolving the joinder issue, at this point, most ISPs in this case have not sent out letters to the relevant subscribers attached to the IP Addresses listed on Exhibit A of the Complaint (DKT#1 at 13), and all ISPs have yet to deliver any subscriber information to Plaintiff as

---

[2] In actuality, Plaintiff's attorney has another reason for rescheduling. A pro-bono case that Plaintiff's attorney is taking on was just re-assigned to Judge Chen (10-4085). A hearing in that case is currently being rescheduled for July 29, 2011, at 1:30 p.m. also. Though Plaintiff's counsel believes that the hearing might be avoided through prior settlement with the United States, it still presents a conflict at this time.

required by the subpoenas (Gibbs Decl. ¶ 3). This process takes time. Plaintiff is patiently waiting for the ISPs to release the information to it, but has no power to force their collective hands beyond the subpoenas. From past dealings with the ISPs, these names will start trickling in once the information has been gathered, the subscribers have been notified, and all of the time periods have been cleared (Gibbs Decl. ¶ 4). Plaintiff, by and through its attorneys, is working with the ISPs to make this process as efficient and problem-free as possible (Gibbs Decl. ¶ 5). Depending on the ISP, and its willingness to cooperate, the identifying process can take days, weeks, or months (Gibbs Decl. ¶ 6). Should Plaintiff, or its attorneys, run into any major, and unjustified, resistance or delays, Plaintiff, by and through its attorneys, will notify the Court (Gibbs Decl. ¶ 7).

Additionally, Doe#1's Motion adds further delay to the identification of Doe#1 and the other Doe Defendants in this suit (DKT#13).[3] Delay in the identification of Doe Defendants means delay in the naming of Doe Defendants as parties to the suit, which also means that, at this stage in the litigation, the notion of filing discovery documents, meeting and conferring with Defendants, or coming to any consensus on ADR deadlines as specified on the Order Setting the ICMC and ADR Deadline is all but impossible. While Plaintiff is entirely supportive of the Court-ordered due process procedures, Plaintiff also recognizes that due process takes due time.

Put plainly, at this juncture, the line items listed on the Court's Order Setting Initial Case Management Conference and ADR Deadlines would be entirely one-sided: Plaintiff would be meeting, alternatively disputing, and conferencing with itself. This would be a waste of Plaintiff's and the Court's valuable time and resources.

//

---

[3] The Court will note that, though Doe#1 filed the Motions to, amongst other things, challenge the subpoena issued to his/her ISP, Doe#1 is *not* a party to the suit at this time. According to L.R. 16-2(d)(2), the party requesting the continuance – i.e. Plaintiff – need only confer with "parties" to the action. As none exist in this case aside from Plaintiff, Plaintiff purposefully makes no reference of any conference pursuant to L.R. 16-2(d)(2). In addition, Doe#1, and other Doe Defendants, provide no identifying information for Plaintiff to deliver the motion, and all other attachments, to him and the others in this case as required by Local Rule 7-11(a) (Gibbs Decl. ¶ 8)..

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court continue the ICMC from July 29, 2011, to **Friday, November 18, 2011, at 1:30 p.m. on the 15th Floor in Courtroom A of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: June 9, 2011**

By: /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 9, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Doe
(No Identifying Information Provided)

                                      /s/  Brett L. Gibbs
                                        Brett L. Gibbs, Esq.