JOHN DOE (24.5.180.56)

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED
2011 JUN 21 A 9 02
RICHARD W. WIEKING
CLERK
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

HARD DRIVE PRODUCTIONS, INC.,

Case No. C-11-01566 JCS

Plaintiff v.

DOES 1-188, Defendants.

**MOTION TO QUASH ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE WITH EXTENDED JOINDER DISCUSSION**

---

I, John Doe (24.5.180.56), file this motion to quash the order granting HARD DRIVE PRODUCTIONS, INC. application for leave to take discovery prior to rule 26(f) conference with extended joinder discussion. A copy of this motion will be provided to both the Court, my IS Provider, and the Plaintiff. The case against DOES 1-188 is a court-allowed strategic campaign by plaintiff to coerce innocent people to settle out of court for exorbitant amounts to avoid embarrassment due to the association with this company's products (ie pornography). It is a reverse "class action" suit where plaintiff wishes to shoot first and ask questions later, accusing huge numbers of unknown, innocent, and legally unknowledgeable people into litigation, based upon unreliable and limited information, and then "sorting out" the real perpetrators after the fact. This imposes an unfair cost and burden on numerous innocent defendants, a fact plaintiff uses to its advantage, to obtain unscrupulous settlements. To preserve my good name, I respond as John Doe, and ask that the court prevent plaintiffs from obtaining exactly what they want: my name and contact information, to allow the harassment to begin. This case should be dismissed immediately based on the following statements:

1) Improper Joinder of Parties.

The claims against me qualify as a unique case. DOES 1-188 all have completely different network configurations both at the Internet Service Provider (ISP) and own person home

1

network level. Each individual DOE deserves a right to an individual investigation with individual accusal and defense. Joinder requires that each case share sufficient overlap to be grouped together. In this case, each DOE relies on entirely separate network configurations, computer and network hardware; as a result this case does not qualify. If allowed to proceed, this would be a gross misuse of joinder.

2) Unreliability of IP Address Tracing.

The Plaintiff claims it has produced software that can reliably trace an IP address to a person. I believe that the plaintiff has perjured themselves with this statement as it is completely false. IP-tracing software has repeatedly been proven to be less than 100% reliable. A study conducted by Microsoft Research stated, *"We show that, even without built-in host identities, using IP addresses, anonymized user IDs, and their associated events, we can track a large percentage of host activities with high accuracy. Overall, 76% of the events in the application log can be attributed to hosts, and 92% of hosts can be tracked correctly. This result is consistent across many IP-address ranges [sic], suggesting that tracking host-IP bindings is widely applicable."* This report is freely available at the following URL, http://research.microsoft.com/pubs/80964/sigcomm09.pdf. This means that significant inaccuracies exist that allow plaintiffs to drag owners of IP addresses into this litigation that have absolutely nothing to do with the alleged wrongful activities, forcing them to incur wasteful time, money, and resources to defend themselves. Plaintiff alleges that the software referenced in their complaint has 100% reliably in IP address tracing. I find it hard to believe that the Plaintiff has a more reliable software solution than Microsoft who spends millions of dollars in research to solve this problem.

There is also a separate issue here as well. In the case of someone using an unsecured wireless router, an outside party can access their internet connection. This party can surf the internet, send email, upload files, or download content. This unknown outside party would have the same IP Address as anyone on the router itself. Therefore, there is no way to know, reliably and accurately, who the offending party was.

Many courts across the country have ruled against cases for these exact reasons. These cases are too numerous to list here. I ask that the Court support these rulings.

A search on Google reveals dozens of software solutions that allow users to "spoof" or impersonate false IP addresses via a proxy server (intermediary), which are designed to re-reroute traffic and obscure the source as well as the destination. This completely disproves the plaintiff's claim (again) that they are able to 100% pinpoint an individual based upon their IP address.

Common public examples are:

2

http://www.torproject.org/
http://proxy.org/cgi_proxies.shtml
http://tech-faq.com/proxy

3) Unreliability of MAC Address Tracing.

For the subset of IP addresses that the Plaintiff has successfully tracked, one would need the Media Access Control (MAC address) to find the material that the DOES are accused of downloading. The MAC address would be a unique identifier to a device that downloaded the material. Any device with an internet connection has a unique MAC address. This would include routers, hubs, switches, wireless access points, desktops, laptops, smart phones, network attached storage, etc.

The issue here is that ISPs typically 'bind' to one MAC address. This MAC address would be associated with what is directly connected to the ISPs' modem, which generates the internet connection. In my particular network configuration, the MAC address that my ISP would report would be my wireless router. This device, unless equipped with a storage device, would have no files on it other than the routing software provided by the original equipment manufacturer (OEM). Once again, the Plaintiff has grossly misrepresented their capabilities of tracing. In my network configuration, I have many devices connected to the router, including potential unknown parties connecting through my wireless connection. Any of these could be associated with the complaint. This proves that the Plaintiff's ability to 100% identify a *person* by their MAC address tracing software is completely false.

In addition, there are many solutions (and how-to guides) that are available free and online that allow an individual to impersonate or falsify a MAC addresses (just like IP Addresses). One such example can be found at: http://hidemymacaddress.com/. This makes it extraordinarily difficult to pinpoint a specific device where the alleged offense occurred. The investigation would not know where to look to find the alleged download. This would be especially true if an unknown party connected to my wireless router and will not connect to it again. With this uncertainty, the Plaintiff's investigation would be unable to verify who and where the material was downloaded. As a result, the Plaintiff cannot pledge with certainty that I am the one who has alleged downloaded their material.

4) Unreliability of Home Network Security

There is no way for the Plaintiff to prove that the DOES in this complaint had a secured home network during the time of the alleged download. Even in the event that a DOE does have a secured home network, there are numerous ways to circumvent that security. One main

3

1  example is WEP security, which is considered the lowest wireless security level, as well as the easiest to crack. One website claims that you have the ability to crack a WEP security key in 60 seconds which can be found here: http://www.shawnhogan.com/2006/08/how-to-crack-128-bit-wireless-networks.html.

Another website shows you every single step necessary as well as the appropriate items to buy and the tools to use to make it easier to attack someone's security: http://lifehacker.com/5305094/how-to-crack-a-wi+fi-networks-wep-password-with-backtrack

Until very recently, I have used WEP security to secure my wireless network. After reading articles like these, I have changed my security to something more robust. However, with that said, there could have been an unknown party who cracked my WEP security and downloaded the alleged material. Unfortunately, I would have no way of tracking back to this event as there are no log files for me to investigate.

5) Inability to Pinpoint a Person by IP Address

Unfortunately for the Plaintiff, the claim that their ability to Pinpoint a person directly by an IP address is impossible as stated previously. They seem to forget that people share computers within a household. There are several people who use my personal desktop on a regular basis. These people are friends, and family members. Any of these people had the potential of downloading anything they wish. This could have included the alleged content as provided in the complaint.

In the event that someone breeched my wireless security, it would be someone who does not reside in my residence. I live in an area where there are many residences close by to my own. I would have no way of knowing who intercepted my wireless signal and used it for their own nefarious purposes. More so, an unknown party could have been on a laptop in a car across the street accessing my wireless network. There would be no way of knowing. As a result, the Plaintiff has a very difficult job of identifying someone with any certainty. They should not be allowed to impose monstrous expense and burden on 188 people to DISPROVE their case, when the foundation of their allegations is so unreliable and superficial. .

6) Improper reference to Copyrighted Material

It's my understanding that in order to copyright an idea, work, etc; it must be filed with and registered with the US Copyright Office. The formal complaint that I reviewed (which I still have not received from Mr. Steele) includes no reference to a Copyright Number or official document stamped from the US Copyright Office.

According to US Copyright law, materials have to be registered at least three months prior to any infringement in order to pursue statutory damages. As a result, it's unclear if the Plaintiff

has any right to pursue this case going forward without official documentation of their copyright.

7) Continued Harassment of Defendants after Cases Dismissed

Mr. Steele and his organization have a tainted record of ignoring the rulings of courts in numerous states. There have been reports of Mr. Steele and his organization continuing to harass and attempt to extort money out of DOES whose cases was dismissed by the judge. Below are some examples of people actively being pursued by Mr. Steele and his organization posted to reddit.com:

*edit #5: Got a request to settle from John Steele. I almost lolled because the mac address they listed well...it's not my computer, or routers, or any of my roommates. So...talking to a lawyer real soon about how this dude is trying to extort money from a college student who couldn't pay for his semester of college because of possible legal finances.*

*A classmate of mine received one of these notices and he was freaking out but the whole thing seems really shady. He contacted the people and the lawyer said that they wanted to take him to court for $250,000 but were willing to settle for $3,000. Of course they sent him documents asking for his bank account and routing number. Of course he doesn't have any money and claims he didn't download a movie. (They won't even tell him what movie they claim he downloaded) This whole thing seems pretty [expletive deleted] shady to me.*

In addition, this does not include people who settled out of court before their case was dismissed. I find it reprehensible that this type of behavior is acceptable in this Country. People are being blackmailed for fear of being exposed as avid watchers of pornography, not to mention exposure of their true sexual orientation in the event that the pornography is homosexual in nature (as some complaints I have online happened to be). I feel that this is a right to privacy issue that the Plaintiff is completely ignoring and using the Courts at his disposable to step on them.

8) A quick Google search will show a daunting list of "court-shopping" cases by this plaintiff's firm, using the same tactics, and involving literally thousands of unknown defendants dragged into this same scheme. The plaintiff company sometimes changes, but the nature of the material (ie pornography) and the strategy by this same firm, remains the same. The great majority of these cases have been dismissed, for a multitude of reasons that apply to this case, including those noted above. I ask that this court closely scrutinize those prior cases, to truly appreciate the scope of the judicial abuse involving this plaintiff's firm. Following are some examples:

A: VPR Internationale v. Does 1-1017 - http://www.scribd.com/doc/54508329/ip-baker

> *Among other things Judge Baker cited a recent child porn case where the U.S. authorities raided the wrong people, because the real offenders were piggybacking on their Wi-Fi connections. Using this example, the judge claims that several of the defendants in VPR's case may have nothing to do with the alleged offense either.*

> *"The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment," Judge Baker writes.*

> *Judge Baker further notes that "the embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case."*

> *Baker concludes by saying that his Court is not supporting a "fishing expedition" for subscribers' details if there is no evidence that it has jurisdiction over the defendants: "Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose and intent of Fed. R. Civ. P. 23."*

B: Patrick Collins vs. Does 1-1219 and On The Cheap vs. Does 1-5011

> *Midcontinent Communications quashed motion for subpoenas for these DOES.*

C: BMG Music v. Does 1-203 -
http://www.citizen.org/documents/EDPaBMGMusicAmicusMemo.pdf

> *Dismissed on following grounds: "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed."*

D: First Time Videos, LLC vs. Does 1-500

> *"MINUTE entry before Honorable Ruben Castillo: After a careful review of the case docket, the Court hereby dismisses the complaint without prejudice to a proper amended complaint which names individual defendants. Plaintiff's attorney is cautioned that there must be joint activity by similar defendants to name said defendants in one lawsuit.*
>
> *Individual lawsuits against any defendant operating individually would be appropriate. Plaintiff's motion for leave to proceed with discovery [5] is granted. Plaintiff's counsel is authorized to proceed with expedited discovery to discover the identity of the appropriate defendants. Motion hearing set for 10/6/2010 is vacated."*

E: Following in West Virginia

    *Order in Combat Zone v. Does 1-1037*

    *Order in Combat Zone v. Does 1-245*

    *Order in Patrick Collins v. Does 1-118*

    *Order in Patrick Collins v. Does 1-281*

    *Order in Third World Media v. Does 1-1,243*

    *Order in West Coast Productions v. Does 1-2010*

    *Order in West Coast Productions v. Does 1-535*

F: Millenium TGA, Inc. v. Does 1-800,

On March 31, 2011, Judge Blanche M. Manning of the United States District Court for the Northern District of Illinois issued an order cutting short yet another mass copyright infringement lawsuit in which the plaintiff failed to follow the basic rules that govern the proper procedure for suing multiple defendants. The court severed 799 of the 800 defendants from the case entirely, after many of them (including several Booth Sweet LLP clients) fought back with motions to quash.

Last year, in Millenium TGA, Inc. v. Does 1-800, Case No. 1:10-cv-05603 (N.D. Ill. filed Sept. 2, 2010), Millenium TGA (describing itself as "a pioneering company in the transexual adult entertainment niche") sued 100 unnamed defendants, alleging they had all infringed its copyrights by downloading and sharing files using BitTorrent; they amended the count upward to 800 defendants on November 8, 2010. Judge Manning initially authorized Millenium to subpoena various Internet service providers to get the defendants' contact information. But this week, she identified two glaring problems with the lawsuit: Millenium had not shown why all 800 defendants belonged in the case together, or why Illinois was the proper venue for the case.

**Improper Joinder.** Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff can sue more than one defendant in the same case if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." But when the plaintiff claims to have been harmed by different defendants in different ways – for example, accusing defendants of downloading different files – the defendants don't have the kind of common relationship that supports joining their claims in the same lawsuit. Judge Manning extensively quoted from cases cited in Booth Sweet's motion to quash, agreeing with the reasoning and concluding that the Rule had not been satisfied.

**Improper Venue.** Millenium wasn't just going after defendants in Northern Illinois; most if not all of the defendants live elsewhere. This was brought home to the judge, who emphasized that "potential defendants [were] located all over the country with no discernible ties to this district. Indeed, at least five motions to quash have been filed in this case in the past week." None of those motions, including the one filed by Booth Sweet LLP, was for a defendant in Illinois. Judge Manning wondered why the suit was filed there in the first place: "The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northern District of Illinois. The plaintiff is a Hawaii corporation with its principal place of business in California. As far as the plaintiff knows, none of the defendants are located in Illinois...." (Emphasis added.) You know something? We wondered the same thing ourselves.

| Unique Case ID | Group | Date Filed | Case Name |
| --- | --- | --- | --- |
| | | | |

| # | Case No. | Attorney / Firm, State | Date Filed | Case Name |
|---|---|---|---|---|
| 1 | 10-cv-01682-cand | D. Gill Sperlein / "IO Group-Titan Media", California | 23 Apr 2010 | IO Group, Inc. v. Does 1-21 |
| 2 | 10-cv-03851-cand | D. Gill Sperlein / "IO Group-Titan Media", California | 27 Aug 2010 | IO Group, Inc v Does 1-19 |
| 3 | 10-cv-04382-cand | D. Gill Sperlein / "IO Group-Titan Media", California | 28 Sep 2010 | IO Group, Inc. dba Titan Media v. Does 1-435 |
| 4 | 10-cv-00038-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 08 Jan 2010 | Worldwide Film Entertainment LLC v. Does 1-749 |
| 5 | 10-cv-00041-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 08 Jan 2010 | O2 Productions LLC v. Does 1-83 |
| 6 | 10-cv-00453-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 18 Mar 2010 | Achete/Neunte Boll Kino... v. Does 1-4,577 |
| 7 | 10-cv-00481-dcd | Dunlap, Grubb and Weaver / "US Copyright Group", DC | 23 Mar 2010 | West Bay One v. Does 1-2,000 |
| 8 | 10-cv-01407-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 17 Jul 2010 | Lucas Entertainment Inc. v. Does 1-65 |
| 9 | 10-cv-01537-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 09 Aug 2010 | Lucas Entertainment Inc. v. Does 1-185 |
| 10 | 10-cv-01702-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 27 Aug 2010 | VCX Ltd., Inc. v. Does 1-115 |
| 11 | 10-cv-01863-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 17 Sep 2010 | LFP, Inc. v. Does 1-635 |
| 12 | 10-cv-01900-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 21 Sep 2010 | Mick Haig Productions, e.K. v. Does 1-670 |
| 13 | 10-cv-02094-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 15 Oct 2010 | LFP Internet Group, LLC v. Does 1-319 |
| 14 | 10-cv-02095-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 17 Oct 2010 | LFP Internet Group, LLC v. Does 1-3,120 |
| 15 | 10-cv-02096-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 18 Oct 2010 | LFP Internet Group, LLC v. Does 1-1,106 |
| 16 | 10-cv-02139-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 22 Oct 2010 | LFP Internet Group LLC v. Does 1-2,619 |
| 17 | 10-cv-02412-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 25 Nov 2010 | Harmony Films Ltd. v. Does 1-739 |
| 18 | 10-cv-02605-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 21 Dec 2010 | Adult Source Media v. Does 1-247 |
| 19 | 11-cv-00001-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 02 Jan 2011 | D & E Media, LLC v. Does 1-258 |
| 20 | 11-cv-00002-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 02 Jan 2011 | Serious Bidness, LLC v. Does 1-109 |
| 21 | 11-cv-00056-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 10 Jan 2011 | Steve Hardeman, LLC v. Does 1-168 |
| 22 | 11-cv-00147-txnd | Evan F. Stone / "Copyright Defense Agency", Texas | 24 Jan 2011 | FUNimation Entertainment v. DOES 1-1,337 |
| 23 | 10-cv-05604-ilnd | John L. Steele / "Media Copyright Group", Illinois | 02 Sep 2010 | Lightspeed Media Corporation v. Does 1-100 |
| 24 | 10-cv-06255-ilnd | John L. Steele / "Media Copyright Group", Illinois | 29 Sep 2010 | CP Productions, Inc. v. Does 1-300 |
| 25 | 10-cv-00090-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Third World Media, LLC v. Does 1-1,243 |
| 26 | 10-cv-00091-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Patrick Collins, Inc. v. Does 1-281 |
| 27 | 10-cv-00092-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Patrick Collins, Inc. v. Does 1-118 |
| 28 | 10-cv-00093-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | West Coast Productions, Inc. v. Does 1-2,010 |
| 29 | 10-cv-00094-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | West Coast Productions, Inc. v. Does 1-535 |
| 30 | 10-cv-00095-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Combat Zone, Inc. v. Does 1-1,037 |
| 31 | 10-cv-00096-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 24 Sep 2010 | Combat Zone, Inc. v. Does 1-245 |
| 32 | 10-cv-00112-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 29 Oct 2010 | Axel Braun Productions v. Does 1-7,098 |
| 33 | 10-cv-00114-wvnd | Kenneth J. Ford / "Adult Copyright Company", W. Virginia | 04 Nov 2010 | West Coast Productions, Inc. v. Does 1-9,729 |

### Conclusion

In conclusion, I motion to quash the subpoena immediately. I find it absolutely horrifying that the court has allowed this type of behavior to move forward as far as it has. John Steele's firm and his tactics are questionable at best. As I stated previously, I have not to this day received a formal complaint regarding this case. I had to go online and purchase (on a fee basis) a copy of the complaint to understand why I received this notice in the mail in the first place. After I reviewed the complaint, I went onto Google and began searching about Mr. Steele and his organization. I have seen numerous postings about complaints of their behavior and use of intimidation to force a settlement out of honest hardworking Americans. This campaign is absolutely unacceptable. I'm surprised that a lawsuit has not been filed against Mr. Steele for his misuse of the US Court System. I'm surprised that he has not been disbarred. I find it interesting that a Divorce court lawyer is pursuing Copyright Law when he has almost zero experience or knowledge with it at all.

My hope is that the court will see through Mr. Steele's firm's abusive practices and see it for what it is: a strategy of coercion, harassment and use of embarrassment of being associated with the porn industry, as a tool to extract money from people, regardless of actual misconduct and regardless of lack of merit of the original case. If this action is allowed to proceed forward, how many thousands, of the countless millions of internet users, of other "defendants" will be dragged into lawsuits such as these, simply to use the same "embarrassment" tactics to extract money from legally unknowledgeable people, "guilty" or not? As stated previously from a fellow DOE, this is a shakedown. My fellow DOE put it quite nicely with the reference to the mob. I do feel as if I'm being forced to pay up or else my reputation will be tainted with the association with this alleged offense.

For all the reasons outlined previously, I would also ask that the court lecture Mr. Steele and his organization about wasting taxpayer money, the court's time, my time, and causing irreparable mental anguish over these baseless claims. I move that the subpoenas for all DOES including myself be quashed immediately and this case be dismissed.

Dated:

Respectfully,


JOHN DOE (24.5.180.56)

John Doe (24.5.180.56)

10