Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | **No. C-11-01566 JCS** |
| Plaintiff, | Hon. Joseph C. Spero |
| v. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA** |
| DOES 1 – 188 | |
| Defendants. | |

An anonymous individual ("Movant"), who claims to have received a letter from his Internet Service Provider ("ISP") but does not reveal the Internet Protocol ("IP") address he is associated with, filed a motion to quash the nonparty subpoena issued to Comcast Online. (Mot. to Quash or Modify Subpoena, June 28, 2011, ECF No. 21 [hereinafter Mot. to Quash #21].) Movant asks the Court to quash or modify this subpoena, arguing that joinder is improper (*Id. passim*), citing to various court decisions from other jurisdictions (*Id.* at 2–5), and accusing Plaintiff's counsel of improper motives. (*Id.* at 1, 2, 6.)

**ARGUMENT**

This brief consists of three parts: Part I argues that Movant's motion should be stricken for Movant's failure to comply with the Court's Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference With Extended Joinder Discussion. (May 9, 2011, ECF No. 12 [hereinafter May 9 Order].) Part II argues that Movant's misjoinder argument is

premature at this stage of the litigation. Part III argues that neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citations to unrelated authority provide a basis for quashing the subpoena.

## I. THE MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH THE COURT'S MAY 9 ORDER

The Motion should be stricken for Movant's failure to comply with the Court's May 9 Order. In that Order, the Court directed that:

> Each ISP . . . shall . . . serve a copy of the subpoena and a copy of this Order upon the subscriber . . . within thirty (30) days of the ISP's receipt of the subpoena. The subscribers and the ISPs shall then have thirty (30) days from the date of service upon them to file any objections or Motion[s] to Quash with this Court.

(May 9 Order 2:1–5.) Movant was served a copy of the Court's May 9 Order by Comcast. Movant has submitted a redacted copy of the letter sent to him by Comcast as Exhibit A to the instant motion. It can be plainly seen that this letter is dated May 26, 2011, and that Comcast informed Movant—in underlined text—that any motions must be filed "no later than **June 27, 2011**." (Mot. to Quash #21 Ex. A.)

Movant had more than adequate notice of the June 27 filing deadline, through receipt of a copy of the Court's May 9 Order as well as through receipt of the Comcast letter, but nevertheless chose to file the instant motion on **June 28**. The Court has a duty to treat all litigants equally under the law, and all litigants have a duty to abide by the rules set by the Court. The Court should strike the instant motion as untimely filed because Movant was aware of, but failed to comply with, the Court's May 9 Order.

## II. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's misjoinder challenge is premature at this early stage of the litigation. Movant argues that by joining sixty Doe Defendants, Plaintiff has created a situation of misjoinder. (*See, e.g.*, Mot. to Quash #21 at 3–6.) However, courts considering motions on nearly-identical facts, in this jurisdiction and around the country, have decided that such issues are premature at this stage in the litigation, regardless of whether Movant's argument has merit. *See, e.g.*, Order Denying Does' Mots. to Quash 2:1–9, *Hard Drive Prods. v. Does 1–46*, No. C-11-1959 EMC (N.D. Cal. June 16,

2011) [hereinafter Chen June 16 Order] (Chen, J.), ECF No. 19; Written Op. and Order Denying Mots. 2, *MCGIP, LLC v. Does 1–316*, No. 10-C-6677 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Order] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)), ECF No. 133; *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious").

At this stage in the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is proper. Plaintiff has alleged that the Doe Defendants have infringed Plaintiff's copyrighted Work through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among the users. (Compl. ¶¶ 5, 11–13, 15, 23.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP, LLC*, 2011 WL 2181620, at *4 (Chen, J.) (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related"). At a later point in this litigation, after Doe Defendants have been named and served, they may raise joinder issues under Fed. R. Civ. P. 20, and move to sever under Fed. R. Civ. P. 21, and that will be the appropriate time for the Court to evaluate the merits of such arguments. *See* Chen June 16 Order 2:8–9 ("Doe Defendants may, at a later point in this litigation, raise the joinder issue if Plaintiff maintains this action against him or her."); *Voltage Pictures*, 2011 WL 1807438, at *8; *see also MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.). The Court should deny the instant motion because Movant's joinder challenge is premature.

///

### III. NEITHER MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF'S COUNSEL NOR HIS CITATIONS TO UNRELATED AUTHORITY PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses Plaintiff's counsel of selecting an improper litigation strategy in order to "avoid travel" and of "abuse of the litigation system." (Mot. to Quash #21 at 1–2, 6.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant offers only sweeping generalizations—and no specific allegations—regarding the activities of Plaintiff's counsel. (*See generally* Mot. to Quash #21.)

Movant cites to various cases, arguing that they should be considered "nearly identical" to the present case. (Mot. to Quash #21 at 2–3.) However, Movant makes little effort to establish the relevance of those cases. For example, Movant fails to distinguish between the present action—where the number of alleged infringers is relatively limited and all defendants are believed to be physically present in this state—and cases in which thousands of alleged infringers from across the United States are joined in a single action. A number of courts appear to distinguish between the two. *Compare MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.) (allowing case to proceed where "there are only 18 Doe Defendants—not hundreds or thousands"), *and Voltage Pictures*, 2011 WL 1807438, at *6 (allowing case to proceed where plaintiff alleged "infringement of a single copyrighted work" and describing "alleged infringement of multiple works" as "a factor that may undermine . . . joinder"), *with* Order to Show Cause 3–4, *Nu Image, Inc. v. Does 1–23,322*, No. 11-0301 (D.D.C. June 7, 2011), ECF No. 9 (ordering plaintiff to show how its complaint could survive a motion to dismiss under 28 U.S.C. 1400(a) where "Plaintiff conceded . . . that the vast majority of the 23,322 putative defendants do not reside in the District of Columbia").

Similarly, Movant cites to various cases in support of his misjoinder challenge. (*See* Mot. to Quash #21 at 3–5.) Here Movant fails to distinguish between the present action—where all alleged infringers used the BitTorrent protocol and exchanged pieces of the file with one another in a concerted action—and actions in which infringers were alleged to have used older, less interconnected peer-to-peer file-sharing protocols. (*See id.* at 5–6.) Many courts distinguish between these. *See, e.g.*, Kendall June 9 Order 2 ("[G]iven the decentralized nature of BitTorrent's file-

sharing protocol . . . the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time."); *Call of the Wild Movie*, 2011 WL 996786, at *4–5 (considering contrary authority based on older file-sharing protocols and nevertheless finding that plaintiffs' factual allegations about the "nature of a BitTorrent protocol" were sufficient to make copyright infringement claims against multiple defendants "logically related").

Finally, where Movant cites to cases involving Plaintiff's counsel (Mot to Quash #21 at 2–3), Movant fails to establish the relevance of orders made in different factual and procedural contexts than the instant motion. *See, e.g.*, Mem. Op. and Order, *CP Prods., Inc. v. Does 1–300*, No. 10-C-6255 (N.D. Ill. Feb. 24, 2011) (Shadur, J.) (denying plaintiff's motion for reconsideration of the court's Feb. 7, 2011 memorandum order, which dismissed the action under Fed. R. Civ. P. 4(m), without prejudice), ECF No. 32. Movant also fails to inform the Court that the cases he cites are unrepresentative of the many cases filed by Plaintiff's counsel in which courts, including courts in this District, have allowed the respective plaintiffs to proceed with early discovery. *See, e.g.*, *MCGIP v. Does 1–49*, No. 11-1801, 2011 WL 1748461 (N.D. Cal. April 22, 2011) (Fogel, J.); Order Granting Pl.'s *Ex Parte* Mot. for Expedited Disc., *MCGIP v. Does 1–21*, No. 11-1783 (N.D. Cal. April 19, 2011) (Beeler, J.), ECF No. 8. As Judge Chen of this District wrote in response to similar attacks on Plaintiff's counsel, "the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit." *MCGIP*, 2011 WL 2181620, at *1. The Court should deny the instant motion because Movant's *ad hominem* attacks and his citations to unrelated authority are not bases for quashing the subpoena.

//
//
//
//
//
//

# CONCLUSION

The Court should strike or deny Movant's motion. Movant filed his motion after the deadline set by this Court in its May 9 Order, Movant's misjoinder argument is premature at this stage of the litigation, and neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citations to unrelated authority provide a basis for quashing the subpoena.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: June 29, 2011**

By:     /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Does
(No Identifying Information Provided)

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.