Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., Plaintiff, v. DOES 1 – 188 Defendants. | **No. C-11-01566 JCS**<br>Hon. Joseph C. Spero<br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA** |

An anonymous individual ("Movant") associated with Internet Protocol ("IP") address 24.2.56.130 filed a motion to quash an outstanding nonparty subpoena issued to Comcast Cable Communications. (Mot. to Squash [sic] Subpoena, June 24, 2011 [hereinafter Mot. to Quash #20], ECF No. 20.) Movant asks the Court to quash the subpoena, arguing that the subpoena is overbroad and unduly burdensome (*Id.* at ¶ 1), that Movant has no knowledge of the infringement activity (*Id.* at ¶¶ 2–3), that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement (*See id.* at ¶¶ 5–6), that Plaintiff has not made a *prima facie* case sufficient to support its subpoena (*See id.* at ¶ 4) and that Plaintiff should have "attempted to contact [Movant] through the ISP, seeking payment for the alleged infringement first rather than . . . filing a lawsuit." (*Id.* at ¶ 7.)

///

///

## ARGUMENT

This brief consists of three parts: Part I argues that Movant's undue burden arguments properly lie with his ISP and not with him. Part II argues that Movant's arguments on the merits are not a basis for quashing the subpoena. Part III addresses Movant's other arguments.

### I. MOVANT'S UNDUE BURDEN ARGUMENTS PROPERLY LIE WITH THE SUBPOENAED ISPS AND NOT MOVANT

Movant claims that the subpoena should be quashed because it is "overbroad" (Mot. to Quash #20 ¶ 1), notwithstanding that the subpoena requests only basic identifying information about certain named Doe Defendants. The basic identifying information of Doe Defendants is necessary in order to name and serve them in preparation for trial, and thus constitutes a very narrow category of information that is highly relevant to this action.

Movant also claims that the subpoena should be quashed because it is "unduly burdensome, and/or oppressive." (*Id.*) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot claim any hardship at this juncture; only the non-party ISP could potentially do so.

Because Movant has not yet been named as a party, Movant is not required to respond to the allegations presented in Plaintiff's Complaint or otherwise litigate in this district. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces no obligation to produce any information under the subpoena issued to his non-party ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging non-party ISP subpoena cannot demonstrate "*any* burden"). To the extent that Movant argues that being named and served by Plaintiff would itself be an undue burden, another court in the Northern District of California has already ruled that "being named as a defendant in a case does not in and of itself constitute an undue burden such that the

subpoena should be quashed." Order Denying Does' Mots. to Quash 2:16–17, *Hard Drive Prods. v. Does 1–46*, No. C-11-01959 (N.D. Cal. June 16, 2011) [hereinafter Chen June 16 Order] (Chen, J.), ECF No. 19.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movants' only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here. Undue burden objections, in particular, properly lie with the ISPs, not Movants. *Kessel v. Cook Cnty.*, No. 00-C-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *In re Yassai*, 225 B.R. at 484 (holding that movants could not meet their burden in demonstrating undue burden without evidence pertaining to the time, cost, or inconvenience entailed in responding to the third-party subpoenas). Movant bears a heavy burden of persuasion in establishing that compliance with the non-party ISP subpoenas would be unreasonable and oppressive—a burden that Movant has no chance of meeting. The Court should deny Movant's motion because only a subpoenaed party may bring an undue burden argument.

## II. MOVANT'S ARGUMENTS ON THE MERITS ARE NOT A BASIS FOR QUASHING THE SUBPOENAS

Movant argues that he has not infringed Plaintiff's copyrights. (Mot. to Quash #20 ¶¶ 2–3.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. Chen June 16 Order 2:10–15 (citing *Voltage Pictures*, 2011 WL 1807438, at *2). Movant also argues that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement. (Mot. to Quash #20 ¶¶ 5–6.) Movant essentially asks the Court to reconsider its Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference With Extended Joinder Discussion (May 9, 2011, ECF No. 12), based on arguments

concerning the precision of modern technology. These are again arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also* Chen June 16 Order 2:10–15 (same); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (same).

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those defenses is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the motion because Movant's merits-based arguments are premature.

## III. MOVANT'S OTHER ARGUMENTS ARE ERRONEOUS

Movant argues that the subpoena should be quashed because "Plaintiff is alleging without presenting proof that an individual or individuals in the physical location of IP Address 24.4.56.130 downloaded or uploaded a movie illegally." (Mot. to Quash #20 ¶ 4.) This argument is erroneous. Plaintiff has given information and made allegations in its Complaint sufficient for a *prima facie* showing of copyright infringement. *See Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). The *Sony Music* court found that the plaintiffs had made a sufficient *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to

the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d at 565. Here, Plaintiff first has alleged ownership of the copyrights of the creative Video at issue in this case. (*See* Compl. ¶¶ 18–20, 26.) Second, Plaintiff also submitted supporting evidence listing the copyrighted Video downloaded or distributed by Defendants using BitTorrent. (*See id.* at ¶¶ 7, 21–24.) Plaintiff has therefore presented a *prima facie* showing of copyright infringement.

Movant also argues that Plaintiff should have "attempted to contact Defendant through the ISP, seeking payment for the alleged infringement first rather than proceed with filing a lawsuit." (Mot. to Quash #20 at ¶ 7). This is incorrect on multiple levels. First, the list of permissible grounds for quashing or modifying a subpoena does not include the failure to contact a third-party who is not subject to that subpoena. *See* Fed R. Civ. P. 45(c)(3). Second, Plaintiff may choose to take whatever action it deems best and most effective in protecting its copyrighted works. Third, because there are costs involved in retrieving and searching logs, and likely because of the danger of customer dissatisfaction, most ISPs will not voluntarily permit Plaintiff to contact potential Doe Defendants absent a court order and subpoena. Even today, Plaintiff has no effective method of contacting or even identifying putative Doe Defendants because pending motions to quash, such as this one, have put a hold on Plaintiff's ability to discover their identifying information. Plaintiff notes that Movant, having been informed of this pending action by his ISP, now knows how to contact Plaintiff's counsel should he want to further discuss "payment for the alleged infringement." The Court should deny the instant motion for the reasons stated in Parts I & II and because Movant's further arguments are erroneous.

**CONCLUSION**

The Court should deny Movant's motion. The subpoena is not overbroad and Movant's undue burden arguments properly lie with his ISP; Movant's factual denials and arguments on the merits are premature and irrelevant to his motion; and Movants further arguments are erroneous.

///

///

///

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: June 30, 2011**

By: /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 30, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Does
(No Identifying Information Provided)

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.