Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | **No. C-11-01566 JCS** |
| ) | |
| Plaintiff, ) | Hon. Joseph C. Spero |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S RESPONSE IN** |
| DOES 1 – 188 ) | **OPPOSITION TO MOVANT'S** |
| ) | **MOTION TO QUASH SUBPOENA** |
| Defendants. ) | |
| ) | |

An anonymous individual ("Movant") associated with Internet Protocol ("IP") address 24.5.180.56 filed a motion entitled, "Motion to Quash Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference With Extended Joinder Discussion." (June 21, 2011 [hereinafter Mot. to Quash #19], ECF No. 19.) Movant ostensibly moves the Court to quash all outstanding subpoenas in this action, arguing that joinder is improper (*Id.* at 1–2), that modern technology is not capable of establishing Internet-based copyright infringement (*Id.* at 2–4), that Plaintiff does not hold a valid copyright (*Id.* at 4–5), that decisions in other cases support Movant's request (*Id.* at 6–9) and that Plaintiff's counsel has improper motives or has used improper tactics (*Id.* at 5, 10). This motion is superficially similar to another letter filed previously in this action. (*Compare id.*, *with* Mot. to Quash Order Granting Pl's Appl. For Leave to Take Disc. Prior to Rule 26(f) Conference With Extended Joinder Discussion, June 7, 2011, ECF No. 13 (including

extra argument on personal jurisdiction, omitting argument about copyright registration and ownership, and omitting mention of movant's associated IP address).)

## ARGUMENT

This opposition consists of four parts: Part I argues that Movant's misjoinder argument is premature at this stage of the litigation. Part II argues that Movant's technology-based arguments on the merits are not a basis for quashing the subpoenas. Part III argues that Movant's copyright registration argument is frivolous. Part IV argues that neither Movant's *ad hominem* attack on Plaintiff's counsel nor his citations to unrelated authority are bases for quashing the subpoenas.

### I. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's challenge to joinder is premature at this early juncture of the litigation. Movant claims that factual differences between himself and each Doe Defendant in "network configurations" and in "computer and network hardware" create a situation of misjoinder. (Mot. to Quash #19 at 1–2.) However, such issues are premature at this stage in the litigation, even if Movant's arguments had merit, which they do not. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (Howell, J.)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"). Another court in the Northern District of California handling a separate, but similar, case filed by Plaintiff has also ruled that joinder arguments are premature at this procedural juncture. Order Denying Does' Mots. to Quash 2:1–8, *Hard Drive Prods., Inc. v. Does 1–46*, No. C-11-01959 (N.D. Cal. June 16, 2011) [hereinafter Chen June 16 Order] (Chen, J.), ECF No. 19.

At this stage in the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is proper. Plaintiff has alleged that the Doe Defendants have infringed Plaintiff's copyrighted Work using a file sharing protocol—BitTorrent—that operates via deep and sustained collaboration among the users in the swarm. (Compl. ¶¶ 5, 11, 13, 15, 23.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *E.g.*, *MCGIP, LLC*, 2011 WL 2181620, at *4 (Chen, J.) (holding

such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie*, 2011 WL 996786 at *4–5 (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related"). At a later point in this litigation, after Doe Defendants have been named and served, they may raise joinder issues under Fed. R. Civ. P. 20, and move to sever under Fed. R. Civ. P. 21, and that will be the appropriate time for the Court to evaluate the merits of such arguments. *Voltage Pictures*, 2011 WL 1807438, at *8; *see also* Chen June 16 Order 2:8–9 ("Doe Defendants may, at a later point in this litigation, raise the joinder issue if Plaintiff maintains this action against him or her."); *MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.) (same). The Court should deny the instant motion because Movant's joinder challenge is premature.

## II. MOVANT'S TECHNOLOGY-BASED ARGUMENTS ARE NOT A BASIS FOR QUASHING THE SUBPOENAS

Movant argues that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement. (Mot. to Quash #19 at 2–4.) Movant essentially asks the Court to reconsider its Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference With Extended Joinder Discussion (May 9, 2011, ECF No. 12), based on arguments concerning the precision of modern technology. These are arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.) (same). The same reasoning has already been applied in denying motions premised on nearly-identical arguments in another case filed by Plaintiff in the Northern District of California. Chen June 16 Order 2:10–15.

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the motion because Movant's merits-based technological arguments are premature.

### III. MOVANT'S COPYRIGHT REGISTRATION ARGUMENT IS FRIVOLOUS

Movant argues that Plaintiff has insufficiently alleged ownership of a valid copyright in its Video, and that "it's unclear if the Plaintiff has any right to pursue this case going forward without official documentation of their [sic] copyright." (Mot. to Quash #19 at 4–5.) This argument is frivolous. The Ninth Circuit has decided that receipt by the United States Copyright Office of a complete copyright application satisfies the registration requirement of 17 U.S.C. § 410(a). *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 621 (9th Cir. 2010). Plaintiff has alleged that the Video at issue in this action is the subject of a currently-pending copyright application in the Copyright Office. (Compl. ¶ 20.) Plaintiff therefore has a clear right to proceed forward in this action.

### IV. NEITHER MOVANT'S *AD HOMINEM* ATTACKS NOR HIS CITATIONS TO UNRELATED AUTHORITY ARE BASES FOR QUASHING THE SUBPOENAS

Movant accuses Plaintiff's counsel of numerous misdeeds, including "harassment," "ignoring the rulings of courts in numerous states," extortion, blackmail, "coercion," and "abusive practices;" and remarks in conclusion that "I'm surprised that he has not been disbarred." (Mot. to Quash #19 at 5, 10.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad*

*hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant offers only sweeping generalizations—and no specific allegations—regarding the activities of Plaintiff's counsel or his law firm. (*See generally* Mot. to Quash #19.)[1]

Movant also cites to over forty cases in support of his accusation that "the great majority" of cases filed by Plaintiff's counsel "have been dismissed, for a multitude of reasons that apply to this case." (Mot. to Quash #19 at 5–9.) Movant claims that "[t]he plaintiff company sometimes changes, but the . . . strategy by this same firm [] remains the same." (*Id.* at 5.) However, Movant fails to inform the Court that only five of the cases he cites were actually filed by Plaintiff's counsel. Movant also fails to inform the Court that the five cases represent a small fraction of the cases filed by Plaintiff's counsel in which courts, including courts in this District, have allowed the respective plaintiffs to proceed with early discovery. *See, e.g.*, *MCGIP v. Does 1–49*, No. 11-1801, 2011 WL 1748461 (N.D. Cal. April 22, 2011) (Fogel, J.); Order Granting Pl.'s *Ex Parte* Mot. for Expedited Disc., *MCGIP v. Does 1–21*, No. 11-1783 (N.D. Cal. April 19, 2011) (Beeler, J.), ECF No. 8.

Finally, Movant fails to distinguish between the present action—where the number of alleged infringers is relatively limited and all defendants are believed to be physically present in this state—and actions in which thousands of alleged infringers from across the United States are joined in a single action. A number of courts appear to distinguish between the two. *Compare MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.) (contrasting Plaintiff's case with a hypothetical case involving thousands of Doe defendants), *and Voltage Pictures*, 2011 WL 1807438, at *6 (allowing case to proceed where plaintiff alleged "infringement of a single copyrighted work" and describing "alleged infringement of multiple works" as "a factor that may undermine . . . joinder"), *with* Order to Show Cause 3–4, *Nu Image, Inc. v. Does 1–23,322*, No. 11-0301 (D.D.C. June 7, 2011), ECF No. 9 (ordering plaintiff to show how its complaint could survive a motion to dismiss under 28 U.S.C.

---

[1] John Steele, who is not involved in this case, but is referred to throughout Movant's motion, is a regular target of vicious *ad hominem* attacks—not to mention threats of physical violence—by individuals on the Internet who appear to have visceral disagreements with his firm's pursuit of individual copyright infringers. Mr. Steele and his colleagues are bound by Rules of Professional Responsibility that closely regulate their conduct in all aspects of the prosecution of a case. Movant may file a complaint with the relevant disciplinary board if he is aware of any breach of ethics.

1400(a) where "Plaintiff conceded . . . that the vast majority of the 23,322 putative defendants do not reside in the District of Columbia").

**CONCLUSION**

The Court should deny Movant's motion. Movant's joinder challenge is premature; Movant's technological merits-based arguments are also premature; Movant's copyright registration argument is frivolous; and neither Movant's *ad hominem* attacks nor his citations to unrelated authority are bases for quashing the subpoenas.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: June 30, 2011**

By:     /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Does
(No Identifying Information Provided)