Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DOE DEFENDANT ASSOCIATED WITH )<br>IP ADDRESS 173.55.54.77, )<br>Defendant. )<br>)<br>_____) | **No. C-11-01566 JCS**<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Hard Drive Productions, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*,

---

[1] The Subscriber connected directly to Internet Protocol address (hereinafter "IP address") 173.55.54.77 was fully identified by his Internet Service Provider (hereinafter "ISP"). That information has since been passed on to Plaintiff. However, considering the Court's Order to File Under Seal Information as to John Does (ECF No. 14, June 9, 2011), all Plaintiff can publically disclose in this Statement is that Plaintiff has in fact attempted to contact the Doe Defendant numerous times via telephone and U.S. mail, and such attempts have failed as outlined in the Declaration of Brett Gibbs, attached hereto as Exhibit A.

(commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. Subscriber has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant, using IP address 173.55.54.77, either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of Doe Defendant to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the remaining unidentified Doe Defendant—after the Court's Order Granting Doe 24.5.180.56's Motion to Quash (ECF No. 26, August 23, 2011, hereinafter "August 23 Order")—who used IP address 173.55.54.77 to illegally infringe on Plaintiff's copyrighted works has not been served for the simple reason that he has yet to be fully identified. While Plaintiff has received the Subscriber's identifying information, the <u>Subscriber has refused to communicate with Plaintiff's counsel whatsoever, despite numerous good-faith efforts by Plaintiff's counsel to meet and confer with him</u>. Although a subscriber and doe defendant will often be one-and-the-same, it can be the case that they are different people. In cases, such as the present action, <u>where the subscriber completely refuses any form of communication with Plaintiff's counsel</u>, limited additional discovery is often needed to confirm that the subscriber may be named as a Doe Defendant. Plaintiff is aware that the Court is very hesitant to grant expedited investigate discovery with respect to a nonparty. However, the tenor of the Court's prior orders suggests to Plaintiff's counsel that the Court is primarily concerned with the intrusive nature of forensic discovery with respect to the subscriber's digital devices. Plaintiff believes it can address the Court's concerns by filing a motion for leave to

serve a deposition subpoena on the subscriber that will at least compel the subscriber to testify about the nature of his home network. Only if the deposition fails to reveal the information Plaintiff requires to form a reasonable basis to determine whether the subscriber is—or is not—the Doe Defendant would Plaintiff contemplate requesting leave from the Court to take what may be more intrusive discovery. Obviously, Plaintiff cannot proceed in this litigation against the Subscriber if the Subscriber adopts an ostrich posture with respect to the litigation.

After making its determination as to the correct Defendant, Plaintiff will effectuate service.

**2. Facts:**

Plaintiff is a corporation that holds the copyright to certain adult entertainment content. Doe Defendant is an alleged copyright infringer.

Doe Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the identified Internet Protocol ("IP") address (as specified on Exhibit A of Plaintiff's Complaint), which was assigned to Subscriber by his/her ISP, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 13.) The only remaining question are: Was it Subscriber who downloaded Plaintiff's copyrighted work through Subscriber's IP address, or another individual in his household, using his online network.

**3. Legal Issues:**

Plaintiff states a *prima facie* case for copyright infringement.

**4. Motions:**

On April 1, 2011, Plaintiff filed an *Ex Parte* Application for, and Memorandum of Law in Support of, Leave to Take Expedited Discovery. (ECF No. 6.) On April 22, 2011, that Application was denied without prejudice. (ECF No. 9.)

On May 5, 2011, Plaintiff re-filed its *Ex Parte* Application for, and Memorandum of Law with Extended Joinder Discussion in Support of, Leave to Take Expedited Discovery. (ECF No. 10.) On May 9, 2011, that Application was granted. (ECF No. 12.)

On June 9, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 15.) On June 10, 2011, that motion was granted. (ECF No. 18.)

On June 7, 2011, a variety of anonymous Movants filed Motions to Quash Plaintiff's subpoenas to the ISPs. (ECF Nos. 13, 19, 20, 21.) Plaintiff filed individual responses to each. (ECF Nos. 17, 22, 23, 24.) The Court issued its August 23 Order quashing Plaintiff's subpoena. (ECF No. 26).

**5. Amendment of Pleadings:**

None.

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing

conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

In addition, once Subscriber was identified by Plaintiff, he was quickly served with a letter from Plaintiff's counsel notifying him that he must not dispose of, erase, alter, etc. anything on his computer, or elsewhere, relevant to this matter.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. Discovery:**

As alluded to above, Plaintiff plans to request a deposition of the Subscriber.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoinng and restrianing the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages

up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Settlement is inapplicable at this point. There is no one to settle with.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* ECF. No. 27). Practically speaking, however, at this point, without an identifiable Defendant(s) in this case, there seems to be no need for such a Conference.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff has consented to proceed in front of the Honorable Magistrate Judge Joseph C. Spero for all purposes.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, again, Plaintiff will need to conduct the aforementioned discovery prior to solidifying its case against Doe Defendant. On the other hand, Plaintiff is confident that it could accomplish the necessary discovery in an expedited manner as long as Subscriber fully cooperates with Plaintiff's requests.

**17. Scheduling:**

At this point, considering that Plaintiff's counsel cannot get in touch with Subscriber, no schedule has been agreed upon, or even proposed. Further, without a Defendant being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its further discovery) any schedule would be impossible to map out at this point.

**18. Trial:**

Currently, without knowing the extent of the witnesses and physical evidence that will be presented at trial, Plaintiff would only be making an absolute guess as to how long a trial would take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (March 31, 2011, ECF No. 2.) Subscriber has not filed his Certification of Interested Entities or Persons.

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

None.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: November 11, 2011**

By: ____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.