Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br><br> DOES 1-188, <br><br> Defendants. | No. C-11-01566 JCS <br><br> **NOTICE OF VOLUNTARY DISMISSAL OF ACTION AS TO ACCOUNT HOLDER WITH PREJUDICE** |

**NOTICE OF VOLUNTARY DISMISSAL OF ACTION AS TO ACCOUNT HOLDER WITH PREJUDICE**

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntary dismisses this action in its entirety with prejudice as to the remaining account holder connected to Internet Protocol ("IP") address 173.55.54.77.

Per the Court's November 18 oral Order, and subsequent Civil Minute Order, allowing Plaintiff to "serve a deposition subpoena on the subscriber of the remaining DOE, without documents, for up to four (4) hours," Plaintiff served such a subpoena on the remaining Doe in this case (hereinafter "Doe #1") on December 8, 2011. (ECF No. 33.)  The corresponding deposition of Doe 1 was held on December 21, 2011, and lasted just over two and a half hours with no papers

being examined. At the deposition, Plaintiff's counsel focused his questioning on inquiries that would likely to allow Plaintiff to identify the infringer in this case—whether that individual is Doe 1 or another individual. The deposition revealed that: (1) the subscriber was not likely to be Doe 1; and (2) it is likely that the subscriber's adult child was Doe 1. After the deposition, arms-length settlement talks ensued, and Doe 1 and Plaintiff agreed upon a mutually beneficial settlement that would avoid any further litigation in this matter.

Plaintiff believes that the Court's deposition subpoena allowance in this matter helped resolve this case. The Court's willingness to allow Plaintiff to conduct such discovery ultimately allowed Plaintiff to identify the sole remaining infringer, and would have allowed Plaintiff to name that individual in this suit had this case not been settled. Plaintiff reports these facts to the Court to notify the Court of this successful deposition that led to a favorable disposition for both Plaintiff and Doe 1.

In accordance with Federal Rule of Civil Procedure 41(a)(1), the Doe Defendants remaining in this case have neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate.

///

///

///

///

///

///

///

///

///

///

1 | Plaintiff prays that the Court enter a judgment reflecting the above.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: December 27, 2011**

By:          /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 27, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                /s/ Brett L. Gibbs
                 Brett L. Gibbs, Esq.